**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. [redacted]

Matthew A. Smith,

Plaintiff(s)/Petitioner(s),

v.

Ross University

Defendant(s)/Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
DEC 17 2024
JEFFREY P. COLWELL
CLERK

## MOTION TO REMOVE SANCTION FOR SUIT

For those claims I have presented and brought forth in this court. It is emotionally distressing and a duress to have them acknowledged as such and lacking merit when the law states them as such and a right I bare under this constitution. With the question remaining do I truly care these rights or are they being negligently contextually written off.

I move that the "instant action" should not be dismissed according to the "Sanction Order".

Since the "Sanction" It has been said maliciously and repeatedly. To be placed under false light it's purpose.

Defendants NOW defame, submit, and move to dismiss me as a habitual filer of frivolous lawsuits everywhere. A retaliation none the less.

It has been abusively noted I am no longer allowed to
file any actions in the United States District Court for the District of Colorado unless he is represented by a licensed attorney. See Smith v. Byron White 10th Circuit Fed. Court, No. 14-cv-00669-LTB, 2014 U.S. Dist. LEXIS 37899 (D. Colo. Mar. 10, 2014). This very sanction was imposed in litigation Mr. Smith brought against another
company in 2018, "as a result of Mr. Smith's abusive history of filing frivolous actions." Order of Dismissal at p.1, Smith v. Circle K, No. 18-cv-02945-GPG (D. Colo. Dec. 12, 2018), ECF No. 6 (containing a list of more than six (6) other instances of Mr. Smith filing frivolous lawsuits and abusing the judicial system). See Smith v. Byron White 10th Circ. Fed. Court, No. 14-cv-00443-LTB, 2014 U.S. Dist. LEXIS 25305 (D. Colo. Feb. 27, 2014) (dismissed as legally frivolous); Smith v. Alfred M. Arraj Fed. Court, No. 14-cv-00442-LTB, 2014 U.S. Dist. LEXIS 25306 (D. Colo. Feb. 27, 2014) (dismissed as legally frivolous and malicious); Smith v. Alfred M. Arraj Fed. Court, No. 14-cv-00438-LTB, 2014 U.S. Dist. LEXIS 22814 (D. Colo. Feb. 24, 2014) (dismissed as legally frivolous). Mr. Smith also has filed two actions in the District of Colorado seeking damages from a state court and a state agency because he disagreed with rulings made by the state court and the state agency that were dismissed for lack of subject matter jurisdiction. See Smith v. Colo. Dep't of Labor and Emp't, No. 13-cv-02946-LTB, 2013 U.S. Dist. LEXIS 157024

(D. Colo. Nov. 1, 2013), appeal filed, No. 13-1462 (10th Cir. Nov. 5, 2013); Smith v. Adams Cnty. Combined Court, No. 13-cv-02945-LTB, 2013 U.S. Dist. LEXIS 157019 (D. Colo. Nov. 1, 2013), aff'd, No. 13-1463, 551 Fed. Appx. 450, 2014 U.S. App. LEXIS 1145 (10th Cir. Jan. 22, 2014) (concluding appeal is wholly frivolous). Mr. Smith has been warned in 14-cv-00443-LTB, 14-cv-00442-LTB, and 14-cv-00438-LTB that the Court can and will impose appropriate sanctions if he persists in filing frivolous lawsuits. Despite these warnings, Mr. Smith has filed another lawsuit seeking damages from a federal court because he disagrees with a court order.

...

The Court finds that Mr. Smith's abusive history of filing frivolous actions described above demonstrates that imposition of filing restrictions is appropriate. Byron White 10th Circuit Fed. Court, 2014 U.S. Dist. LEXIS 37899, at *3-5 (emphasis added).

Notably, that case was cited multiple times upon Mr. Smith's continuation of filing frivolous lawsuits. For example, in Smith v. Holland & Hart, Inc., No. 1:14-CV-343-BLW, 2015 U.S. Dist. LEXIS 7368, *4 (D. Idaho Jan. 20, 2015), Mr. Smith "attempted to avoid Judge Babcock's order by filing th[e] action in a separate federal court." The Court dismissed the case on the ground that it is frivolous and fails to state a claim on which relief may be granted. Id. at *4. In Smith v. Adams Cnty. Combined Court, No. 15-cv-01833-GPG, 2015 U.S. Dist. LEXIS 113912, *3 (D. Colo. Aug. 27, 2015), the Court found that:

Mr. Smith continues to abuse the judicial system because the instant action is only one of four pro se actions filed the same day that do not comply with the sanction order. See Smith v. Mauser, No. 15-cv-01831-GPG (D. Colo. filed Aug. 24, 2015); Smith v. Goertzel, No. 15-cv-01832-GPG (D. Colo. filed Aug. 24, 2015); Smith v. Public Storage, No. 15-cv-01834-GPG (D. Colo. filed Aug. 24 , 2015).

Id. (emphasis added). The Court dismissed the matter for failure to comply with the sanction order. It appears Mr. Smith was not deterred. For example, in Smith v. UPS, No. 16-cv-00224-GPG, 2016 U.S. Dist. LEXIS 19016, *5 (Feb. 17, 2016), another lawsuit filed by Mr. Smith was dismissed for failure to comply with the sanction order. The list goes on, including a case filed last month in the Southern District Court of New York that was recently transferred back to Colorado. See Smith v. Alfred M. Arraj Fed. Courthouse, 2024 U.S. Dist. LEXIS 185718, *3 (S.D.N.Y. Oct. 2, 2024) ("A review of Public Access to Court Electronic Records ("PACER") shows that Plaintiff has continued unabated, filing scores of pro se complaints in various federal courts around the country.") (emphasis added). Importantly, the Court noted that Plaintiff previously filed two complaints against the same defendant named in that complaint, both of which were dismissed as frivolous. Id. "Based on this litigation history, the Court finds that Plaintiff knew or should have known that this complaint is duplicative and lacks merit." Id. (citing Sledge v. Kooi, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent pro se litigant may be charged with knowledge of particular legal requirements)) (emphasis added).

It has been said that I essentially fail to state any claim for relief as a matter of law despite "Charge" and emphasis provided by the EEOC organization. See

Ami. Bus. Solutions Corp v. Dick, Case No. 2019CV31100, 2020 Colo. Dist. LEXIS 1212, at *3-4 (D. Colo. 2020, Jan. I 0, 2020) (holding "the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.") (emphasis added).

WHEREFORE I DO OBJECT, Aside of any fiduciary responsibility I move that the "instant action" should not be dismissed according to the "Sanction Order", and my constitutional rights, and In light of the overall question their bias of his pro se appearance essentially, his appearance in the correct venue and jurisdiction has become an overall "conflict of interest". His Pro Se rights are now more essential than ever; due to reputation, ego, and or intimidation of the power of the court and any future within the system representation is now hard to come by due to the false light and defamation within the Sanction. Federally, I have never been given chance at trial or jury; a quick and speedy trial was given to UPS ten years ago through "Summary Judgment"; I do feel the federal system discriminatory or negligent tourd me civilly maybe not criminally. Case history attached.

Court Cases
Colorado
Adams County –
Smith vs mauser 11c1852
Smith vs mauser 12cv638
Smith vs mauser 12dr696
Smith vs Mauser 13cv0092
Smith vs Morales 13s364
Smith vs Mauser 13ca1958
Mauser vs. smith 14m3266
Smith vs Mauser 14cv0706 (Michigan Western District)

Denver County-
Smith vs. cdle 13s847
Smith vs. Denver traffic C592667

Jefferson County –
Smith vs. public storage 13f456 &14cv91
Smith vs silver reef 13f456

Arapahoe County –
Smith vs. usaa
Smith vs. usps
Smith vs. PGAPC
Smith vs Arapahoe traffic 13T10586

1.Brosnan 3-4 6
2.USPS 3-4 6
3.Securitas 10-24 5 4-1-24
4.Securitas 10-24 5 4-1-24
5.Star 7 12/18/23

6.LaborMax 10-30 4
7.American Guard 10-9 1 d
8.Tecomax 10-19 2
9.JCJ 10-19 3
10.Guarda
11.Denver Vehicle Impound claim
12.Big Toe Towing 2 Breaches 4-4
13.Circle K 6-6-24
14.Jiffy Lube 6-6-24
15.CL 1-12-24
16.AGS
17.ASB
18.Securitas 4-1-24
19.Labormax
20.Hensen Phelps
21. Amazon 3-20-24
22.Tarian
23.Lonestar
24.Mark Young
25.Regis University
26.Mauser PO Aftermath
27.Kroger
29.American Automation
30.Judith Biggs
31.Senator Joseph Neguse

Garda 10-2-24 8:15
Marc Young 11-12-24 8:30
Marc Young 12-2-24 1:30
Planet Fitness 12-30-24 8:15
At&t 12-30-24 8:15
DVI 12-9-24 8:15
Regis 11-7-24 8:15
PHH OCWEN 12-19-24 8:15
American Sign and Barricade 11-8-24 8:15
Rent A Center 11-8-24 1:30 pm
Pal American 2-13-25 8:15am
PSI 2-13-25 8:15am
Tmobile 10-31-24 1:30pm
Compression Socks neg
JCMH Policies neg/mal
Cash App neg

Federal DCO –
Smith vs. UPS 12cv01578
Smith vs. Mauser 12cv2721

Smith vs. Mauser 13cv0008
Smith vs. UPS 13cv01815
Smith vs. GMAC 13cv01817
Smith vs. Devry/Keller 13cv01840
Smith vs. Admas 13cv2945
Smith vs. CDLE 13cv2946
Smith vs. Alferd A Arraj 14cv442
Smith vs. Byron White 14cv443
Smith vs. EEOC 14cv786
Smith vs. UPS 14cv787
Smith vs. CCRD 14CV788
Smith vs. Arapahoe 14cv1359
Smith vs. Adams County Detention Facility PD DA and Probation
Smith vs. DOJ 14-cv-785

Federal Court of Appeals –
Smith vs. UPS 131463

Federal Bancruptcy Court- 13-BK-22766

Alternative States
Smith vs. Public Storage 2:14-cv-04194 California
Smith vs. Holland and Hart 1:2014cv00343 Idaho
Smith vs. Ocwen 6:2014cv02026 Iowa
Smith vs. GMAC 0:2014cv01536 Minnesota
Smith vs. Mauser PGAPC and Crabtree
Smith vs. Mauser PGAPC and Moss
Smith vs. Devry 2014cv02696 Illinois
Smith vs. Devry 2:2014cv01330 Nevada
Smith vs. UPS Alaska Accomodation
Smith vs. UPS Washington Accomodation
Smith vs. UPS California Negligent Reviews
Smith vs. UPS Hawaii Termination
Smith vs. Safeway 2:2014cv07311 California
Smith vs. UPS Ohio Termination 4:14-cv-2360
Smith vs. UPS Puerto Rico Terminiation
Smith vs. UPS Washington D.C. Termination
Smith vs. UPS Philadelphia Transfer
Smith vs. UPS Georgia Termination Crimes 1:14-cv-951
Smith vs. UPSUtah Accomodation 2:14-cv-237
Smith vs. UPS Wisconsin 14-cv-438
Smith vs. UPS Louisiana Accomodation PTRS 14-1388
Smith vs. DOJ D.C. 14-cv-1682
Smith vs. UPS Florida Transfer 14-cv-21175
D. Alaska, Civ. A. No. 3:2014-cv-00109;
C.D. Cal., Civ A. No. 8:2014-cv-00744;

D.C. Colo., Civ. A. No. 1:2014-cv-00787;
S.D. Fla., Civ. A. No. 1:2014-cv-21175;
N.D. Ga., Civ. A. No. 1:2014-cv-00951;
D.C. Haw., Civ. A. No. 1:2014-cv- 00229;
W.D. Mich., Civ. A. No. 2:2014-cv-00131.
Smith vs. UPS Maine 2:14-cv-422
Smith vs. Department of HUD 1:14-cv-2763
Smith vs. DOJ D.C. 14-cv-1682
Smith vs. UPS Deleware 14-cv-1328
Smith vs. UPS South Dakota 14-cv-4094
Smith vs. UPS Oregon 03:14-cv-1681
Smith vs. UPS Wichita Falls 7:14-cv-73

Matthew A. Smith
Signature

Matthew A. Smith
Name

P.O. Box 350217
Street Address

Westminster, CO 80035
City State Zip Code

720-231-9259
Telephone Number

Date: 12-16-24

______________________________
**Signature of Affiant**

SUBSCRIBED AND SWORN TO BEFORE ME THIS_____day of______________________, 20____

______________________________
Notary Public

______________________________
Address

My commission expires:_________________________